**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) |
| **NOVEL LLC,** | )   Chapter 7 |
| | )   Case No.: 26-20101 |
| Debtor. | ) |
| | ) |

**ORDER DENYING MOTION TO AMEND PETITION**

This matter is before the Court on the motion of Paul Miller to amend the voluntary petition in this case (the "Motion to Amend").  Docket Entry ("D.E.") 12.[1]  Mr. Miller requests that the Court order the deletion of the name "Novel Book Bar & Cafe" which debtor Novel LLC listed in response to Question 2 on its Chapter 7 bankruptcy petition.  (D.E. 1).  Mr. Miller bases his request on Fed. R. Bankr. P. 1009(a) and D. Me. LBR 1009[1](a) and 9013-1.  Fed. R. Bankr. P. 1009 (a)(2) provides that on "a party in interest's motion and after notice and a hearing, the court may order a voluntary petition . . .  to be amended."  Mr. Miller claims that his request should be granted for two reasons: (a) the records of the Maine Secretary of State do not reflect that Novel LLC has ever registered that name as an assumed name; and (b) the Managing Member of Novel LLC admitted under oath at the meeting of creditors on May 15, 2026 that Novel LLC never registered that name as an assumed name with the Maine Office of the Secretary of State.

Novel LLC's petition is Official Form 201 - Voluntary Petition for Non-Individuals Filing for Bankruptcy.  The instructions for Question 2 require that Novel LLC list "[a]ll other names debtor used in the last 8 years[.] Include any assumed names, trade names and doing business as names[.]" D.E. 1.  The instructions do <u>not</u> exclude any names for which a state corporate registration has not been filed.  In its response to the Motion to Amend, Novel LLC affirmatively maintains that it has done business as "Novel Book Bar & Café."  D.E. 13, ℙ 2.  Given that, Novel LLC was <u>required </u>to list that name in response to Question 2.

Therefore, the Motion to Amend is DENIED.

DATED: May 21, 2026

/s/ Peter G. Cary
Honorable Peter G. Cary
U.S. Bankruptcy Judge

---

[1]  In its response to the Motion to Amend, Novel LLC raises a possible factual scenario which, if true, would mean that Mr. Miller is not a creditor in this case and does not have standing to file the motion.  D.E. 13, ¶ 1.  Given the decision to deny the Motion to Amend, the Court does not need to make, and is not making, that determination at this time.